Roberto PAGAN, Jose A. Hernandez and Mateo Colon, Plaintiffs,

v.

Larry E. DUBOIS, Commissioner of Correction, Defendant.

Civ. A. No. 95–10675–EFH.

United States District Court, D. Massachusetts.

July 31, 1995.

Roberto Pagan, Shirley, MA, pro se.

Jose A. Hernandez, Shirley, MA, pro se.

Mateo Colon, Shirley, MA, pro se.

William D. Saltzman, Dept. of Correction, Boston, MA, for defendant.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

The Plaintiffs Pagan, Hernandez and Colon, citizens of the United States, filed the instant action claiming that their individual constitutional rights, and the constitutional rights of Latino prisoners incarcerated at Massachusetts Correctional Institution–Shirley ("MCI–Shirley"), are being violated by the lack of Latino cultural programs at the prison, by the limited number of Latinos on the staff of the corrections system, and by the lack of medical attention and counseling for Latinos who are HIV-positive at Shirley. Plaintiffs sought, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to represent an entire class of inmates of Latino ethnic derivation, whether or not any individual class member was deprived of any personal constitutional right. In an opinion issued on April 11, 1995, this Court denied plaintiffs' motion for class certification, and questioned the standing of the named plaintiffs to bring the claims asserted in their complaint. *Pagan v. Dubois*, 884 F.Supp. 25 (D.Mass.1995). On Defendant Dubois' instant motion to dismiss or for summary judgment, this Court revisits again the issue of standing, and, finding that the individual plaintiffs in this action do not have the requisite standing to assert the claims in this suit, grants defendant's motion to dismiss on the ground of lack of jurisdiction.

"For purposes of ruling on a motion to dismiss for want of standing, ... courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *U.S. v. AVX Corp.*, 962 F.2d 108, 114 (1st Cir.1992) (citations omitted). However,

"where standing is at issue, heightened specificity is obligatory at the pleading stage." *Id.* at 115. In addition, "an analysis of a plaintiff's standing focuses not on the claim itself, but on the party bringing the challenge; whether a plaintiff's complaint could survive on the merits is irrelevant to the standing inquiry." *Libertad v. Welch,* 53 F.3d 428, 437, n. 5 (1st Cir.1995) citing *Family & Children's Ctr. v. School City of Mishawaka,* 13 F.3d 1052, 1058 (7th Cir.1994).

Plaintiffs' instant complaint alleges, specifically, that there are no cultural programs available for Latino prisoners at MCI–Shirley; that there is only a limited number of Latino staff working within the prison system resulting in insensitive treatment of Latino inmates in classification hearings and disciplinary proceedings; and that Latinos with the HIV virus do not receive proper medical attention or counseling at MCI–Shirley on account of a lack of staff able to communicate with such inmates in the Spanish language. In essence, plaintiffs' complaint seeks for all Latino inmates special cultural programs and separate administrative and medical facilities on the ground that they are persons of Latin–American origin living in the United States.

▮ Plaintiffs are able to go forward on their claims only to the extent that this Court has jurisdiction to hear those claims. Proper jurisdiction, in turn, requires that the parties have standing to bring the particular action. Standing is a jurisdictional requirement which is open to review at all stages of litigation. *National Org. for Women v. Scheidler,* —— U.S. ——, ——, 114 S.Ct. 798, 802, 127 L.Ed.2d 99 (1994). If a plaintiff lacks standing to bring a matter before the court, the court lacks jurisdiction to decide the merits of the underlying case. *United States v. AVX Corp.,* 962 F.2d 108, 113 (1st Cir.1992). The inquiry into the issue of standing "involves a blend of constitutional requirements and prudential considerations." *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 471, 102 S.Ct. 752, 757–58, 70 L.Ed.2d 700 (1982).

▮ From a constitutional standpoint, there are three minimum elements of standing a plaintiff must satisfy: first, plaintiff must have suffered "injury in fact"—an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; second, there must be a causal connection between the injury and the conduct complained of, such that the injury is fairly traceable to challenged action of the defendant and not the result of independent action of some third party not before the court; finally, it must be likely, and not merely speculative, that the injury will be redressed by a favorable decision. *Libertad,* 53 F.3d at 436.

▮ In the instant action, plaintiffs' claims fail to clear the first hurdle: plaintiffs do not allege in their complaint that they themselves have been injured in some particularized, concrete way by the actions of the defendant. Plaintiffs claim that the lack of Latino cultural programs is forcing the majority of prisoners to join gangs to protect themselves. Plaintiffs, however, do not claim that *they* have been forced to join gangs. Moreover, plaintiffs, citizens of the United States who do not allege that they are unable to speak English, allege no direct harm to themselves resulting from a lack of Latino-oriented cultural programs.

Likewise, plaintiffs' claim that the lack of Latino staff in the prison system results in insensitive administrative treatment of Latino inmates fails to allege particularized instances of unfair or insensitive treatment suffered by *these individual plaintiffs;* rather, the complaint speaks of the lack of "fair treatment" with respect to the Latino prison population as a whole. Again, no allegation is made that these English-speaking citizens of the United States have been harmed by a lack of Latino staff members within the Massachusetts state prison system.

Finally, plaintiffs' claim with regard to the lack of proper medical attention or counselling provided to Latinos with the HIV virus alleges no harm to *these* plaintiffs: none of the plaintiffs claim to be afflicted with the HIV virus.

Unable to carry their burden on the first prong of the constitutionally-mandated test

of standing, the Court's consideration of the matter need not continue any further.

Without class certification, plaintiffs' complaint must claim that they have been "injured in fact" by defendant's action. In this case, each of the plaintiffs are United States citizens, speak English, are not afflicted with the HIV virus, and claim that they suffered no personal harm. Thus, plaintiffs lack the constitutionally-required elements of standing to maintain this action. The Constitution of the United States does not require that special privileges be accorded to inmates of state correctional institutions on account of their ethnic heritage.

Accordingly, Defendant's Motion to Dismiss is hereby granted.

SO ORDERED.